IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| August Image, LLC, a New York limited liability company, § § § § *Plaintiff*, § § v. § § Mara Day Spa LLC, a Texas limited liability § company, and Does 1 through 10, § § § *Defendants*. § | Case No. 3:23-cv-2027 PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff August Image, LLC ("**August Image**"), through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

### I. JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### II. PARTIES

4. August Image is a New York limited liability company with its principal place of business located at 793 Broadway, New York, NY 10003. August Image, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing.

5. Defendant Mara Day Spa LLC ("**Mara Day Spa**") is a limited liability company organized and existing under the laws of the state of Texas, with its primary place of business located at 5151 Belt Line Road, Suite 700, Dallas, Texas 75254. Mara Day Spa may be served with summons on its registered agent Ledimara Pinney at 2222 McKinney Avenue, Suite 120, Dallas, Texas 75201. Mara Day Spa is the owner, operator, and/or controller of the Instagram account at https://www.instagram.com/marasmedspa/, the Facebook page at https://www.facebook.com/marasmedspa, and Mara Day Spa's related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "**Mara's Socials**").

6. Defendants Does 1 through 10, are other parties not yet identified who infringed August Image's copyrights, contributed to the infringement of its copyrights, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10 are presently unknown to August Image, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. At all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

### III.     CAUSE OF ACTION

### Count One – For Copyright Infringement – Against All Defendants

8.     August Image is the exclusive administrator, syndicator, and licensing agent for the following original photo registered with the U.S. Copyright Office and the copyrights therein ("**Subject Photograph**"):



August Image represents the photographer who took the Subject Photograph and has standing to maintain this action under 17 U.S.C. § 501(b).

9.     Following the publication and display of the Subject Photograph, each Defendant copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph on Mara's Socials without a license, authorization, or consent from August Image ("**Accused Posts**"). Screen captures of two of said uses are set forth below:



10.     To the extent Mara Day Spa exploited the Accused Posts (and/or and/all other copies of the Subject Photograph) more than three years before the date of this pleading, August Image did not know, and had no reason to know, of such exploitation(s).

13.     Each Defendant had access to the Subject Photograph, including through August Image's and/or the relevant photographer's website(s), profiles, exhibitions, and/or social media accounts; and/or through third-party websites or Internet search engines, and each Defendant copied, stored, displayed, published, reproduced, distributed, created derivative works of, and/or otherwise exploited the Subject Photograph on Mara's Socials without a license, authorization, or consent from August Image.

14. Due to Defendants' acts of copyright infringement, August Image suffered damages in an amount to be established at trial. Due to Defendants' acts of copyright infringement, Defendants obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photograph. As such, August Image is entitled to disgorgement of Defendants' profits attributable to their infringement of the copyrights in the Subject Photograph in an amount to be established at trial.

15. August Image is informed and believes and thereon alleges that each Defendant committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects each Defendant to further damages.

## IV.     JURY DEMAND

16. Plaintiff demands a jury trial on all issues so triable pursuant to FED. R. CIV. P. 38 and the 7th Amendment to the United States Constitution.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of each Defendant, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    d.   That Plaintiff be awarded pre-judgment interest as allowed by law;

    e.   That Plaintiff be awarded the costs of this action; and

    f.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

                                              Respectfully submitted,

Dated: September 8, 2023                    By:  */s/ Robert A. Cherry*
                                                    Robert A. Cherry, Esq.
                                                    DONIGER / BURROUGHS
                                                    2900 S. Congress Ave., #101
                                                    Austin, Texas 78704
                                                    (512) 856-4319
                                                    rcherry@donigerlawfirm.com
                                                    *Attorney for Plaintiff*